UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DOUGLAS MARSHALL JACKSON,

Plaintiff,

v. Case No. 3:26cv4664-AW-HTC

RON DESANTIS, et al.,

Defendants.
_________________________________/

REPORT AND RECOMMENDATION

Plaintiff Douglas Marshall Jackson, an inmate at Walton Correctional Institution proceeding *pro se*, has filed a nonsensical civil rights complaint under 42 U.S.C. § 1983, espousing sovereign citizen theories. Doc. 1. Upon consideration, Jackson's complaint should be DISMISSED WITHOUT PREJUDICE because he is a three-striker under 28 U.S.C. § 1915(g) who has not paid the filing fee nor alleged he is in imminent danger of serious physical injury.

## I. DISCUSSION

Pursuant to the "three strikes rule," a prisoner may not proceed *in forma pauperis* in a civil action when he has previously brought three or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A prisoner who is barred from

proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts showing he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Jackson has filed dozens of cases in federal court, and several courts have noted his three-striker status. For example, Jackson brought the following actions that were dismissed as frivolous, malicious, and/or for failure to state a claim[1]:

1) *Jackson v. Fla. Dep't of Corr.*, Case No. 3:20-cv-5882-LC-HTC (N.D. Fla. Dec. 29, 2020) (dismissing complaint as frivolous, malicious, and for failure to state a claim);
2) *Jackson v. Mark Inch et al.*, Case No. 5:21-cv-255-TPB-PRL (M.D. Fla. Dec. 2, 2021) (dismissing complaint as malicious and for failure to state a claim, and collecting cases illustrating Jackson's history of filing First Amendment and RLUIPA claims that courts have dismissed as frivolous and malicious);
3) *Jackson v. Fla. Dep't of Corr., et al.*, Case No. 1:20-cv-20777-BB (S.D. Fla. April 8, 2020) (dismissing complaint for failure to state a claim after the court had informed Jackson he was "subject to the three-strikes provision of the PLRA" and Jackson subsequently paid the filing fee).

[1] These cases bear Jackson's Florida Department of Corrections inmate number (823916), which confirms he filed them.

Despite his well-documented three-striker status, Jackson did not pay the filing fee in this case and cannot proceed *in forma pauperis*.

Moreover, Jackson does not assert he is under imminent danger of serious physical injury. Jackson's complaint is nonsensical. He begins his complaint by addressing the clerk of court and stating, "You have a sworn oath of office and constitutional and fiduciary duty to 'protect' and 'serve' the estate, Douglas Marshall Jackson Estate."[2] Doc. 1 at 1. He then asserts two claims, including, "Count One: The incarceration/imprisonment of the sovereign people estate"; and "Count Two: substantial burden, denied and deprived exercise and practice of Almighty Yahweh's ABYYAH Tribal Afrikan Hebrew (Jewish) Religion during the incarceration period" under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *See* Doc. 1 at 2. There are no details describing when or how Defendants allegedly violated his rights under the First Amendment or RLUIPA and, regardless, nothing Jackson states suggests he is under imminent danger of serious physical injury.

[2] Jackson's language referencing an "estate" as the litigant in this case appears throughout the complaint and suggests his complaint is premised on sovereign citizen theories, which have been repeatedly rejected by the courts. *See* Doc. 1 at 1 ("Douglas Marshall Jackson Estate"); Doc. 1 at 2 ("sovereign people estate"); Doc. 1 at 3 ("the Douglas Marshall Jackson estate, general executor and sovereign American people"); *see, e.g., Greaves v. Mann*, 2016 WL 11260337, at *1 (N.D. Ga. Nov. 17, 2016), *report and recommendation adopted*, 2017 WL 510894 (N.D. Ga. Feb. 8, 2017) (dismissing 28 U.S.C. § 2241 petition based on frivolous sovereign citizen theories); *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 596-97 (11th Cir. 2019) (per curiam) (finding that even if the litigant does not call himself a sovereign citizen, sovereign citizen claims "have no arguable legal basis and are patently frivolous") (internal citations omitted).

## II. CONCLUSION

Accordingly, it is RECOMMENDED that:

1. Jackson's complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because he is a three-striker who did not pay the filing fee when he commenced this case and has not shown he faces imminent danger.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 21st day of July, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.